BARD CONSTRUCTION CO., INC., PLAINTIFF-RESPONDENT,
v. WANDNER COMPANY, INC., AND JACOB HIRSCH,
DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 29, 1951—Decided February 28, 1951.

Before Judges FREUND, PROCTOR and ROGERS.

*Mr. Robert E. Dietz* argued the cause for the defendants-appellants.

*Mr. Alexander Levchuk* argued the cause for the plaintiff-respondent (*Mr. Jerry Sokol,* attorney).

The opinion of the court was delivered by

FREUND, S. J. A. D. This is a mechanic's lien suit. The defendants appeal from a judgment entered on a jury verdict

in favor of the plaintiff and against the defendant, Wandner Company, Inc., the owner of the lands and premises described in the complaint, and adjudging that it is prior to the lien of the mortgage of the co-defendant, Jacob Hirsch.

The action was brought to recover an unpaid balance under a contract dated October 26, 1949, made between the defendant, Wandner Company, Inc., as owner, and the plaintiff, Bard Construction Co., Inc., as contractor for the construction of a poultry building. The contract price was $18,000, payable in installments at various stages of the construction. The agreement provided that the "job shall result in a fully completed poultry building." Wandner Company, Inc., failed to pay the second payment when it became due, and, on November 30, 1949, the plaintiff filed in the clerk's office a mechanic's notice of intention. *R. S.* 2:60–112 *et seq.* On January 5, 1950, when the contract provided for the completion of the building, the plaintiff had received on account the sum of $11,000, leaving an unpaid balance of $7,000. On January 11, 1950, the plaintiff received from the defendant, Jacob Hirsch, the president of the defendant, Wandner Company, Inc., his personal check postdated January 25, 1950, for $7,000. This was returned by Hirsch's bank dishonored for insufficient funds, and thereupon the plaintiff filed his lien claim. In addition to the $7,000, the plaintiff also claimed the sum of $1,011.50 for fill dirt, which the contract provided should be supplied by the owner, but which the plaintiff supplied at an agreed price. The parties stipulated that the fill dirt was delivered.

Wandner Company, Inc., acquired title to the premises on October 25, 1949, and at the same time executed a purchase money mortgage to Jacob Hirsch for $16,000. Both the deed and the mortgage were recorded on October 27, 1949. The building contract was entered into on October 26, 1949. It is not disputed that the mortgage to Jacob Hirsch was security for the principal sum mentioned therein.

The defendants argue that the court erred in denying their motion to dismiss the complaint because of non-compliance with the provisions of the Mechanic's Lien Law. The

pretrial order raised no such issue. If the defendants had intended to rely upon the plaintiff's alleged failure to comply with the provisions of the Mechanic's Lien Law, *R. S.* 2:60–105 *et seq.*, the issue should have been raised by their answer or, failing that, in the pretrial order. *Rule* 3:16. *Jenkins v. Devine Foods, Inc.*, 3 *N. J.* 450 (1950). Moreover, since the plaintiff conceded on the argument that the equity in the property is more than sufficient to protect even a general judgment, the matter may be disposed of without a determination on compliance with the provisions of *R. S.* 2:60–126, 127 and 128.

The defendants next argue failure to complete performance of the contract by the plaintiff, asserting that the building was not "a fully completed poultry building." The testimony discloses that on January 5, 1950, the date fixed in the contract for completion, the plaintiff told the owner that the contract had been performed and demanded payment of the balance due. The defendant Hirsch questioned the completion, and within a few hours brought to the building Leo Libove, a neighboring chicken farmer. Mr. Libove testified for the plaintiff that he "told Mr. Hirsch that in my opinion the coop was finished," except for a few finishing touches which Mr. Bard was then making. Gilbert Green, a building contractor, testified that the building was completed and that the plaintiff had fully complied with the contract and specifications. Irving Plunjian, a contractor, also testified that in his estimation there was some unfinished carpentry work that would cost at most $300 to finish. The defendant's sole witness was Mr. Hirsch, who testified that the poultry building had not been completed in accordance with the contract. Such conflicting testimony was properly submitted to the jury, which found for the plaintiff, and we find no error in their verdict.

The defendants further argue that the trial court erred in its charge to the jury with respect to the rules of substantial performance of building contracts and of the priority between mortgages and mechanic's liens. Further, that it erred in refusing to charge several requests. The record as presented

to us discloses only that the court was requested to clarify its charge. *Rule* 3:51 provides that if a party objects to any portion of the court's charge or any omission therefrom, the objection and the grounds on which it is made must be distinctly stated before the jury retires. We do not find that any such objection was made. Nevertheless, we are satisfied that the court adequately and substantially charged the matters requested, so that no error was committed. *Stephens v. Public Service Coordinated Transport*, 5 *N. J. Super.* 129 (*App. Div.* 1949); *Fario v. Johnson*, 5 *N. J. Super.* 310 (*App. Div.* 1949); *Wohlfarth v. Spencer Kellogg & Sons, Inc.*, 8 *N. J. Super.* 61 (*App. Div.* 1950).

The plaintiff's judgment is affirmed against the defendant, Wandner Company, Inc., with costs, and is modified to the extent that it is subsequent in lien to the mortgage of the defendant, Jacob Hirsch.